IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| TYRELL TAYLOR HINES | : CIVIL ACTION |
|---|---|
| v. | : NO. 15-2628 |
| JOHN DOE, OPERATIONS AND SHIFT COMMANDER, ALLENTOWN, PD, et al | : |

## MEMORANDUM

**KEARNEY, J.**                                                                                                          **June 8, 2015**

Plaintiff, a prisoner, filed a *pro se* 42 U.S.C. § 1983 civil rights lawsuit against a Judge of the Lehigh County Court of Common Pleas, a Deputy District Attorney, four defense attorneys, two detectives and a John Doe Operations and Shift Commander at the Allentown Police Department. He alleges the police search of his property, arrest, and consequential criminal proceedings violated his constitutional rights.

Plaintiff's claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

*Judges*

Judges have absolute immunity from § 1983 actions seeking money damages for actions performed in a judicial capacity. *Stump v. Sparkman*, 435 U.S. 349 (1978). Nothing in this complaint suggests that Judge Maria Dantos was acting outside of her judicial capacity relating to Plaintiff's criminal case. Plaintiff's claims against Judge Dantos must be dismissed.

*District Attorney*

Absolute immunity shields prosecutors from liability related to their official acts. *Imbler v. Pachtman*, 424 U.S. 409 (1976). A prosecutor is absolutely immune from liability for money damages under § 1983 for acts "within the scope of his duties in initiating and pursuing a criminal

prosecution." Id. at 410. Plaintiff's claims against Deputy District Attorney Joseph R. Stauffer are dismissed because there is no allegation he acted outside of the scope of his duties in prosecuting Plaintiff's criminal case.

*Defense Attorneys*

Under 42 U.S.C. § 1983, Plaintiff must allege a person acting under color of state law deprived him of his constitutional rights. *West v. Atkins*, 487 U.S. 42 (1988). A defense attorney, whether court-appointed or privately retained, represents only his client, and not the Commonwealth, and cannot be sued under § 1983. *Polk County v. Dodson*, 454 U.S. 312 (1981). Defense attorneys Garry Glascom, Kathryn Smith, Amy Sonin and Charles Banta cannot be sued under § 1983.

*Detectives and Police Staff*

Plaintiff's claims against Detective John Gill, Detective Supervisor Christopher Cruz and the John Doe Operations and Shift Commander involve the search of his property and arrest in October 2012. Civil rights claims are subject to the state statute of limitations governing personal injury claims. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The Pennsylvania statute of limitations for a personal injury action is two years. *See* 42 Pa. Cons. Stat. Ann. § 5524. Plaintiff filed this civil action on May 11, 2015. He is time barred from bringing these claims against Defendants John Doe, Christopher Cruz and John Gill.

Finally, Plaintiff also appears to be raising claims against defendants Cruz and Gill regarding their testimony in his criminal proceedings. A witness, governmental or otherwise, may not be sued under 42 U.S.C. § 1983 for damages. *Briscoe v. LaHue*, 460 U.S. 325 (1983).

We generally provide a *pro se* plaintiff with leave to amend unless amendment would be

inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Plaintiff will not be given leave to amend because any amendment is futile as he cannot cure the above deficiencies in his Complaint.